ORDER
JOAN GREENDEER-LEE, Associate Judge.
The Ho-Chunk Nation Trial Court has been asked to review a possible conflict of interest when the defendant is the Acting Attorney General for the Ho-Chunk Nation [hereinafter HCN] Department of Justice [hereinafter DOJ]. On January 28, 1998, the plaintiff filed a Motion to Disqualify William A. Boulware, Jr. and a personal Affidavit stating reasons in support of the motion. The defendant, by DOJ Counsel Boulware, responded to the motion and filed a Motion to Dismiss on March 31, 1998. During the Scheduling Hearing of March 26, 1998, the plaintiff was given time to offer a brief supporting his Motion to Disqualify William, A. Boul-ware, Jr. On March 31, 1998, the defendant through Counsel Boulware filed a second reply brief to the motion. The plaintiff chose to waive his right to brief the motion on that same date.
In his affidavit, the plaintiff alleged: 1) a conflict exists since the DOJ is the supervisor of the plaintiff; 2) the defendant and his counsel are violating Ho-Chunk law since the DOJ is offering legal advice to the defendant; 3) a precedent exists within the HCN when the DOJ is the defendant; and finally, 4) the DOJ is an interested party to this action and this relationship results in a conflict of interest barring representation of the defendant. The defendant’s second offering in reply to the Motion to Disqualify William A. Boul-ware reiterated his reasons offered in the first response. The defendant stated the plaintiff failed to demonstrate that a conflict of interest existed. Moreover, the DOJ agreed that this department is an interested party in the matter.
APPLICABLE LAW
HCN Constitution Art. X.
Section 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not: (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law;
Wisconsin State Supreme Court Rules Chapter 20. Rules of Professional Conduct For Attorneys, adopted by the HCN Supreme Court on August 31, 1996.
SCR 20:1:7 Conflict of Interest: General Rule
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(!) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) each client consents in writing after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person, or by the lawyer’s own interests, 11 unless:
*240 (1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents in writing after consultation.
DECISION
The plaintiff asked this Court to consider his Motion to Disqualify William A. Boulware, Jr. based on the attached Affidavit. The defendant suggested to the Court that the plaintiff failed to clearly establish or demonstrate the relation between the DOJ Counsel Boulware and the defendant, Acting Attorney General is a conflict of interest. This Court finds that neither party adequately offered proof or instances in prevailing law to make specific findings of fact and conclusions of law. The reasons articulated in the Affidavit of the filed motion are vague. Equally dissatisfying is the defendant’s general citation to SCR 20, which is 84 pages in length, reference to SCR 20:1.7 (which defers the resolution of conflict to the lawyer or advocate), and the case law of State v. Klessig, 211 Wis.2d 194, 564 N.W.2d 716 (1997). The plaintiff raised an issue about the Nation’s authority to represent its agent particularly when that agent is considered the chief of DOJ. If the HCN’s Legislature and DOJ realized and established a precedent acknowledging the existence of a conflict when the DOJ is the defendant, the plaintiff failed to show this offering of evidence or proof. However, the defendant’s own arguments resting on State v. Klessig and SCR 20:1.7 are no clear indication that a conflict of interest does not exist in this matter. A review of State v. Klessig shows that the case involved the competency level of a pro se defendant in a criminal proceeding. It is not facially applicable to the civil matter at hand. In SCR 20:1.7, the defendant claims that it is up to the discretion of the attorney to resolve the conflict of interest. However, this presumption is rebuttable when the opposing party files such motion as the one before this Court. In reviewing SCR 20, this Court finds SCR 20:1.13 more relevant and yet, this has not been addressed. This Court agrees with both parties that the DOJ is an interested party in the matter and that this Cmvplaint is an employee grievance, but this has little or no bearing to the issue before the Court.
This Court is inclined to dismiss the motion since “There are no standards of law or rules that would provide the Court with a method of measuring discretionary decisions. The Court is without authority to determine whether a person’s discretionary decision is a violation of law, when the person is afforded such discretion to make decisions ... The Court finds that plaintiff has not raised a constitutional claim, nor alleged or demonstrated a violation of the law for which the Court can provide relief.” Pierre Decorah, Jr. v. Rainbow Casino, CV 95-018 at 5 (HCN Tr. Ct., March 15, 1996). The problem remains that both parties have failed to diligently offer persuasive law to resolve this issue. There remains the question of the DOJ responsibility pursuant to both HCNL 0011-95 Ho-Chunk Nation Discovery Act and HCNL 016-95 Department of Justice Establishment and Organization Act of 1995. As a result, the Court is unable to make a determination on the merits of the filed motion. This Court shall reserve a decision for one week. In this time, both parties must specify persuasive law that either justifies grounds for dismissing or granting such motion. If the parties file timely, this should not hamper with the scheduled proceedings as outlined in the March 27, 1998 Scheduling Order.